The PEOPLE of the State of Colorado, Petitioner–Appellant, In the Interest of F.M., A Child, Appellee, and Concerning: F.M., Respondent–Appellee.

No. 87SA432.

Supreme Court of Colorado.

April 25, 1988.

James F. Smith, Dist. Atty., Michael J. Milne, Deputy Dist. Atty., Brighton, for petitioner-appellant.

David F. Vela, Colorado State Public Defender, Lauren Cleaver, Deputy State Public Defender, Denver, for appellee F.M.

ERICKSON, Justice.

This is an interlocutory appeal pursuant to C.A.R. 4.1. The district attorney appeals an order in a delinquency proceeding against F.M., a minor child, suppressing F.M.'s statements, a substantial quantity of marijuana, and other possessions. We reverse the suppression order and remand the case for further proceedings consistent with this opinion.

I.

We reviewed the same facts and the same law in this case that we addressed in *In re P.E.A.*, 754 P.2d 382 (Colo.1988), and the parties stipulated that the record in *P.E.A.* would govern this case.

In delinquency proceedings in the District Court of Adams County, the prosecution alleged that F.M. took marijuana to the Westminster High School for sale to other students. Although the district court found that the investigation of F.M. was supported by reasonable suspicion, *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733, 83 L.Ed.2d 720 (1985) (plurality opinion), the court granted a motion to suppress based on a finding that school officials had acted as agents of the police.

II.

In *In re P.E.A.*, 754 P.2d 382 (Colo.1988), we reversed the trial court's findings that school authorities had acted as police agents and for the same reasons we reverse the trial court's finding relating to agency in this case. We affirm the trial court's determination that the search of F.M. satisfied the reasonableness standard established in *New Jersey v. T.L.O.*, 469 U.S. 325, 105 S.Ct. 733. Accordingly, the trial court's suppression order is reversed and the case is remanded for further proceedings consistent with this opinion.